UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**CINDY MITCHELL**                                                                              **PLAINTIFF**

**v.**                                                         **CIVIL ACTION NO. 5:22-cv-118-BJB**

**ECONOLODGE MOTEL**                                                     **DEFENDANT**

### MEMORANDUM OPINION

Plaintiff Cindy Mitchell brought this *pro se*, *in forma pauperis* lawsuit on the Court's 42 U.S.C. § 1983 complaint form. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the Court dismisses Plaintiff's lawsuit.

### I. STATEMENT OF CLAIMS

Plaintiff, an inmate at the McCracken County Jail, names as Defendant the EconoLodge Motel located at "5120 Hinkleville Rd." in Paducah, Kentucky. DN 1, p. 2; DN 1-1, p.1. She alleges that on July 17, 2022, while she was a customer at the EconoLodge Motel, an unleashed and unmuzzled dog attacked her, biting her twice. DN 1, p. 4. She further states that "the woman who appeared to own the dog and the Motel's owner and workers had no remorse." *Id*. Plaintiff asserts, "It's a Ky. law that any dog in hotels, motels or events must have on muzzles and leashes."

As relief, Plaintiff asks for $220,000 or $2,800 per week for the next five years and to be the owner of the EconoLodge. *Id*. at 6. In a subsequently filed letter (DN 9), Plaintiff asks instead for $4,000 for each bite as compensation for her shame, embarrassment, pain, and suffering. *Id*. She states that she did not receive any medical treatment or a rabies or tetanus

shot after the dog bit her, asserting, "I feel that I'm being more than fair and I feel that $8,000 is reasonable." *Id*. The Court construes this letter as a motion to amend. Under Fed. R. Civ. P. 15(a)(1)(A), "A party may amend its pleading once as a matter of course within . . . 21 days after serving it[.]" Service has not yet occurred in this case, and the Court **GRANTS** the motion (DN 9).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. *See* § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 608-09. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## III. ANALYSIS

"Federal courts are courts of limited jurisdiction," possessing only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

2

As the party invoking federal jurisdiction, Plaintiff bears the burden of establishing that subject-matter jurisdiction exists. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Typically, a plaintiff establishes a federal court's subject-matter jurisdiction by demonstrating that a right created by the Constitution or laws of the United States is an essential element of the claim, so that federal-question jurisdiction exists under 28 U.S.C. § 1331, or by demonstrating that the plaintiff and the defendant are citizens of different states and that the amount in controversy meets a requisite level, so that diversity jurisdiction exists under 28 U.S.C. § 1332.

Even construing the complaint liberally as is required for *pro se* litigants, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hill v. Lapin*, 630 F.3d 468, 471 (6th Cir. 2010), it alleges no facts indicating that the Court has either federal-question or diversity jurisdiction over this lawsuit. Although Plaintiff filed her Complaint on this Court's complaint form provided for federal civil-rights suits, Plaintiff did not cite 42 U.S.C. § 1983 or otherwise accuse EconoLodge (which does not appear to have been acting on behalf of the government) of any violation of federal law. Nor does the Plaintiff cite any other federal statutes or United States constitutional provisions in support of her claim, and the Court cannot discern any from the facts alleged. The complaint, therefore, fails to carry the Plaintiff's burden of establishing federal-question jurisdiction.

Additionally, Plaintiff fails to establish diversity jurisdiction. The letter functioning as a motion to amend creates a jurisdictional problem because it drops her damages request below the required amount-in-controversy for federal-court diversity jurisdiction. Plus, she has not alleged that she and EconoLodge (whatever its corporate form) are citizens of different states as § 1332 requires. Accordingly, Plaintiff has failed to establish that this Court has subject-matter jurisdiction over this action.

## IV. CONCLUSION

For the foregoing reasons, the Court denies the motion to amend as moot and will enter a separate order dismissing this lawsuit.

Date: February 6, 2023

Benjamin Beaton, District Judge
United States District Court

cc:     Plaintiff, *pro se*
        Defendant
B213.009